IN THE MATTER OF JAMES W. KILLAM, THIRD.

Suffolk. January 14, 1983. — April 4, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Judge.*

Conduct by a judge resulting in his apprehension for operating a motor vehicle on a public way while under the influence of intoxicating liquor violated Canons 1 and 2A of the Code of Judicial Conduct, contained in Supreme Judicial Court Rule 3:09. [622-625]

PROCEEDING in relation to an inquiry concerning a judge, commenced in this court on January 14, 1983.

*Donald K. Stern,* Special Counsel, submitted a recommendation of the Commission on Judicial Conduct.

*Walter J. Hurley* for James W. Killam, III, submitted a memorandum.

BY THE COURT. We consider in this case what disposition we shall enter as a result of a report and recommendation concerning Judge James W. Killam, III, filed with this court by the Commission on Judicial Conduct (commission) on January 14, 1983, in accordance with Rule 23 (b) of the Rules of the Commission on Judicial Conduct (R.C.J.C.), as approved by this court. See G. L. c. 211C, § 2.[1] The com-

---

[1] Appended to the commission's report were the following documents or copies of documents: the commission complaint; a transcript of proceedings on November 6, 1981, in the Woburn Division of the District Court Department; a transcript of further proceedings in that court on February 2, 1982; Judge Killam's answer to the commission complaint; notice to Judge Killam of the initiation of formal proceedings before the commission; Judge Killam's answer to the notice of the initiation of formal proceedings; and a stipulation of facts signed by Judge Killam, his counsel, and special counsel for the commission.

Special counsel was appointed by this court on April 15, 1982, in response to the commission's request of April 14, 1982. R.C.J.C. 11 (a).

mission found that Judge Killam operated a motor vehicle upon a public way while under the influence of intoxicating liquor, and recommended that he be publicly censured. We agree with, and accept, that recommendation.

The complaint against Judge Killam was filed with the commission by one of its own members, as authorized by G. L. c. 211C, § 2. That member did not have personal knowledge of the allegations contained in it. However, the complaint was accompanied by copies of attested records of the Woburn Division of the District Court Department relative to the prosecution of Judge Killam for violation of G. L. c. 90, § 24 (1) (a), as well as copies of six newspaper articles published in three Massachusetts cities. The complaint, in this form, amply satisfies the criteria for sufficient specificity to permit the judge to make a reasonable response and for sufficient reliability to warrant investigation. See *McKenney* v. *Commission on Judicial Conduct*, 377 Mass. 790, 801-802 (1979).

After investigation of the complaint, the commission instituted formal proceedings, concluding that this is a "matter which could not be dealt with fairly and properly [by it] on an informal basis." R.C.J.C. 23 (a). The commission found in its report to us that James W. Killam, III, a judge of the Malden Division of the District Court Department, did on September 14, 1981, operate a motor vehicle on a public way in the city of Woburn while under the influence of intoxicating liquor. For this misconduct, the commission has recommended that Judge Killam be publicly censured for violations of several provisions of the Code of Judicial Conduct, specifically, S.J.C. Rule 3:09, Canon 1, as appearing in 382 Mass. 808 (1981) (failure to maintain the high standards of conduct required of a judge), and Canon 2(A), as appearing in 382 Mass. 809 (1981) (failure to respect and to comply with the law and failure to conduct himself in a manner promoting public confidence in the integrity and impartiality of the judiciary).

After receipt in this court of the commission's report, Judge Killam was provided an opportunity, either personally

or by counsel, to submit a response to the court and was offered the opportunity for an oral presentation before the full bench in open court.[2] Simultaneously, the commission was afforded the opportunity to respond in turn to any response submitted by Judge Killam. On January 19, 1983, Judge Killam, acting by counsel, submitted a brief letter of response. On January 31, 1983, again acting by counsel, Judge Killam submitted a similar but somewhat enlarged letter of response. On February 2, 1983, special counsel for the commission submitted the commission's response.

On this record, the sole issue before us is the determination of the appropriate disposition to be imposed in the circumstances. Special counsel for the commission, in his letter of February 2, 1983, has urged us to adopt the recommendation of public censure. Judge Killam, on the other hand, requested that this matter be remanded to the commission for informal, and thereby necessarily confidential, disposition. See R.C.J.C. 3 and 10; G. L. c. 211C, § 2. We conclude that a public censure is both warranted and, in the circumstances, necessary. "The conclusion follows from traditional and accepted principles." *Matter of Bonin,* 375 Mass. 680, 706 (1978).

The facts, as stipulated by Judge Killam and special counsel for the commission, are as follows. On September 14, 1981, Judge Killam, while under the influence of intoxicating liquor, operated a motor vehicle in the parking lot of a grocery store and, for a short distance, on a public way in Woburn. He was taken into protective custody by officers of the Woburn police department and released later on that same evening. Subsequently, a criminal complaint was filed against him, and Judge Killam was arraigned in the Woburn District Court on a charge of violating G. L. c. 90, § 24 (1) (a), by operating a motor vehicle while under the influence of intoxicating liquor. Thereafter, on the date set

---

[2]The judge had previously received from the commission a copy of the report and recommendation and a notice of its having been filed with this court in accordance with R.C.J.C. 23 (b).

for his trial, February 2, 1982, Judge Killam admitted facts sufficient to warrant the trial judge's making a finding of guilty of the offense charged.

The trial judge, in keeping with a practice then commonly employed with respect to first time violators of G. L. c. 90, § 24 (1)(a), did not make a finding of guilty. Instead, he continued the case without a finding for one year, with Judge Killam's consent, "on the condition that Judge Killam enter a driver alcohol education program, and successfully complete that program." See G. L. c. 90, § 24D, as then most recently amended by St. 1975, c. 758, § 4. Judge Killam has satisfied this condition and, accordingly, the charge against him for violation of G. L. c. 90, § 24 (1) (a), has been dismissed.

The complaint to the commission was filed after Judge Killam's arraignment but before the date set for his trial in the Woburn District Court. While the District Court proceedings and the proceedings before the commission have, as their common origin, the same factual incident, the District Court judge's dismissal of the charge brought against Judge Killam for violation of G. L. c. 90, § 24 (1) (a), has no direct effect on the status of the complaint filed with the commission. The enforcement of the motor vehicle laws enacted in the exercise of the State's police power, and the prosecution of those who violate them, are intended to protect the safety of the users of the State's public ways and other places to which the public has right of access. *Commonwealth* v. *Lyseth*, 250 Mass. 555, 558 (1925). The Code of Judicial Conduct, S.J.C. Rule 3:09, as appearing in 382 Mass. 808 (1981), however, stands on an entirely different footing. Its purpose is to preserve the integrity, independence, and impartiality of the judiciary and, moreover, to preserve public confidence in the integrity, independence, and impartiality of the judiciary. Thus, dismissal of a District Court prosecution in accordance with common practice upon satisfactory completion of a court-imposed condition does not fulfil the intended purpose of the Code.

Conduct by a judge resulting in his apprehension for operating a motor vehicle on a public way while under the

influence of intoxicating liquor constitutes a clear violation of the Code's stricture that "[a] judge . . . should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved." S.J.C. Rule 3:09, Canon 1. Moreover, such conduct also constitutes a clear violation of the Code's admonition that "[a] judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." S.J.C. Rule 3:09, Canon 2 (A).

These rules may be applicable, in some circumstances, to the judge's conduct whether or not that conduct is directly related to judicial duties. In another case of a single incident of misconduct involving extrajudicial activity, we concluded that "the judge's misconduct brought undeserved discredit to the administration of justice in the Commonwealth." *Matter of Larkin*, 368 Mass. 87, 91-92 (1975). We adhere to that conclusion with respect to this matter. "A judge . . . must be sensitive to the impression which his conduct creates in the minds of the public." *Matter of Bonin*, 375 Mass. 680, 711 (1978). "Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. He must expect to be the subject of constant public scrutiny. He must therefore accept restrictions on his conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly." E. Thode, Reporter's Notes to Code of Judicial Conduct 8 (ABA 1973). "Anyone who is unwilling to accept and abide by such stringent rules of conduct should not aspire to or accept the great honor and the grave responsibility of serving on the bench." *Matter of Morrissey*, 366 Mass. 11, 17 (1974).

"The appropriate disposition of disciplinary matters of this type depends on the particular circumstances." *Matter of Larkin, supra* at 91. In any view of the attendant circumstances, Judge Killam's conduct deserves the imposition of a sanction. Because that conduct occurred in public and

generated a public prosecution with the publicity attendant to it, it deserves the imposition of a public sanction. In reaching that conclusion, we recognize the growing public and official concern for the serious social problems caused by persons operating motor vehicles while under the influence of intoxicating liquor. See Interim Report to the Nation from the Presidential Commission on Drunk Driving (1982); Senate Committee on Post Audit and Oversight, Drinking and Driving in Massachusetts: Statutory Options and Recommendations (1982); Senate Committee of Post Audit and Oversight, "Driving Under" in Massachusetts: The First 100 Days (1983);[3] Governor's Task Force on Alcohol Abuse and Highway Safety, Alcohol Abuse and Highway Safety in Massachusetts (1982).

In deciding the appropriate disposition in any judicial discipline case, we must also consider any mitigating circumstances. Judge Killam has been a member of the Bar of this Commonwealth since 1959 and a judge since 1973. We have not had brought to our attention the occurrence of any prior incidents of misconduct during his career as lawyer and judge which should be considered in aggravation of the matter now before us. On the record before us, the incident of September 14, 1981, does not appear to be part of a pattern of misconduct or the result of an underlying addiction to intoxicating liquor. Instead, it appears to be an isolated instance of aberrant behavior which has not, to our knowledge, been repeated.

"We are not concerned here with misconduct of a judge in his official capacity. *Matter of DeSaulnier (No. 4)*, 360 Mass. 787 (1972). Nor are we concerned with a wide variety of improprieties, both on and off the bench, occurring over an extended period of time. *Matter of Troy*, 364 Mass. 15 (1973). We have a single, serious error . . . involving extra-judicial conduct." *Matter of Larkin*, 368 Mass. 87, 91 (1975). Moreover, in such circumstances, it is appropriate

---

[3] The reference to "100 Days" relates to statutory amendments made to G. L. c. 90 by St. 1982, c. 373, effective September 1, 1982.

to give due consideration to the judge's conduct subsequent to the filing of the complaint against him, "especially the judge's willingness to accept that [he] has been seriously at fault, and [his] apparently improved behavior in the more recent past." *Matter of Scott*, 377 Mass. 364, 369 (1979). See *Matter of McKenney*, 384 Mass. 76, 85 (1981). In the Woburn District Court, Judge Killam admitted facts sufficient to warrant a finding of guilty. He entered into and satisfactorily completed a driver alcohol education program and, according to the stipulation of facts, actively participated in that program's group discussions. He thereafter agreed to the stipulation of facts, which facilitated the preparation and filing of the commission's report and recommendation to us. During the pendency of the District Court proceedings, Judge Killam on his own initiative recommended to the Chief Justice of the District Court Department that he not be assigned to preside in either juvenile or criminal sessions of the District Courts.[4] Since the matter has been before this court, Judge Killam has responded promptly and directly to all communications addressed to him.

We have weighed the seriousness of the offense and the mitigating circumstances. A public reproach is required. Judge Killam should be and hereby is censured.

*So ordered.*

---

[4]The Chief Justice initially acceded to Judge Killam's request, but subsequently, to meet the needs of the District Court Department, did assign Judge Killam, as of June 21, 1982, to criminal and juvenile sessions, but not in the jury sessions of the Woburn or Lowell Divisions.