**In the Matter of the Honorable Thomas ALSIP.**

**No. 49S00–8605–JD–434.**

Supreme Court of Indiana.

Nov. 14, 1986.

Karl J. Stipher, Baker & Daniels, Indianapolis, James H. Ham, III, Baker, Daniels & Shoaff, Fort Wayne, for respondent.

Bruce A. Kotzan, Indianapolis, for Indiana Com'n on Judicial Qualifications.

PER CURIAM.

The Indiana Commission on Judicial Qualifications (Commission) and the Respondent, the Honorable Thomas Alsip, have entered into and now tender for this Court's approval, a Statement of Circumstances and Conditional Agreement for Discipline. The agreement emanates from a "Notice of the Institution of Formal Proceedings—Statement of Charges" under the authority of Admission and Discipline Rule 25 and pursuant to I.C. 33–2.1–6–10.

On May 13, 1986, charges were filed by the Commission alleging that Respondent engaged in conduct which demonstrated a failure to comply with the law and conduct which did not promote public confidence in the integrity and impartiality of the judiciary. In addition, this conduct in question was alleged to constitute conduct prejudicial to the administration of justice thereby bringing the judicial office into disrepute. See I.C. 33–2.1–6–4.

The facts in the present case are not in dispute and are summarized from the Conditional Agreement as follows:

Respondent is forty-eight (48) years old and has been licensed to practice law in Indiana for sixteen (16) years. Since January 1, 1982, to the present, he has served as the Judge of the Marion County Superior Court, Criminal Division, Room No. 6.

On January 31, 1985 the Respondent was arrested in Indianapolis, Marion County, and charged with operating a motor vehicle while intoxicated. Thereafter, on June 10, 1985, Respondent pleaded guilty to Operating While Intoxicated, a Class A misdemeanor, in the Marion Municipal Court. Respondent was fined $150 plus costs, and was sentenced to 180 days in the Marion County Jail, which sentence was suspended, except for two (2) days to serve, with one (1) day's credit for time served, and one (1) day's credit for good time. In addition, Respondent was placed on probation for one (1) year, and his driver's license was suspended for ninety (90) days.

By way of mitigation, the parties agree, and we find as follows:

At the hearing on his guilty plea, Respondent made the following statement:

I want this Court to know that I accept full responsibility for this incident. I am a human being. I also occupy public office. If I have brought any discredit to my office, the

bench or the Bar, I sincerely apologize to the public, my fellow judges and also the legal profession and also to this Court. I am prepared to accept the penalties provided by law. I have not asked for leniency and I expect none and I will not let this happen again.

This is Respondent's only conviction except for minor traffic violations.

In addition to his judicial functions, Respondent is also a Lieutenant Colonel, Commanding Officer of the 72nd Air Refueling Squadron and former Director of Operations of the 931st Air Refueling Group at Grissom Air Force Base. He has been flying military aircraft since 1962.

Respondent was arrested after having drinks at the Fraternal Order of Police Lodge where he was consoling a police officer whose wife had just been buried.

From the above agreed and undisputed facts, we find that the Respondent engaged in the charged misconduct. He operated a motor vehicle while intoxicated, in violation of the law, the same being conduct prejudicial to the administration of justice thereby bringing Respondent's judicial office into disrepute. I.C. 33-2.1-6-4; CODE OF JUDICIAL CONDUCT, CANON 2(A).

In light of the foregoing considerations and the findings of fact, including the agreed to mitigating matters, this Court concludes that the agreed discipline, a public censure, is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Statement of Circumstances and Conditional Agreement for Discipline entered into by the parties is hereby approved; and accordingly the Respondent, the Honorable Thomas Alsip, is hereby PUBLICLY CENSURED for the conduct found herein.

Costs of this proceeding are assessed against Respondent.

All Justices concur, except SHEPARD, J., who would not approve the agreement, regarding it as inadequate.