STATEMENT OF THE CASE ¶ 1. On July 10, 1997, the Mississippi Commission on Judicial Performance filed a formal complaint against Mississippi Court of *Page 630 
Appeals Judge James E. Thomas alleging judicial misconduct for first offense driving under the influence of intoxicating liquor. A hearing was held before a three member committee of the Commission exactly three months later. After full consideration of arguments, the committee found that Judge Thomas's conduct on the evening of March 1, 1997, brought the reputation of the judicial office into disrepute, violating Canons 1 and 2 A of the Judicial Code of Conduct.[1] The committee thereafter recommended that Judge Thomas be privately admonished in accordance with Miss. Code Ann. § 9-19-11 (1972).
 ¶ 2. The full Commission considered the committee findings of fact and recommendations on December 12, 1997. By a vote of 6-0, with one commissioner abstaining, the commission adopted the committee's findings of fact. It split, however, on the appropriate sanction for Judge Thomas. The three Commission members who conducted the committee hearing voted to privately reprimand Judge Thomas. The remaining three Commission members voted for a public reprimand. As a result of this deadlocked vote, the members present the record and their findings to this Court without benefit of a formal recommendation.
 II. ¶ 3. Mississippi Court of Appeals Judge James E. Thomas was arrested and charged with first offense driving under the influence on March 1, 1997. A few days later, prior to his scheduled court date, Judge Thomas pleaded guilty. He was fined $500, his license was suspended for 90 days, and he was ordered to enroll in MASAP. Judge Thomas paid his fine and all court costs, and enrolled in MASAP within the same week.
1. Canon 1, A Judge Should Uphold the Integrity andIndependence of the Judiciary.
 An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
 III. ¶ 4. "This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Judicial Performance Commission." Mississippi Comm'n on Judicial Performance v.Gunn, 614 So.2d 387, 389 (Miss. 1993) (citations omitted).
 IV. ¶ 5. The first issue brought by the commission concerns the finding that Judge Thomas's conduct violates Canons 1 and 2 A of the Judicial Code of Conduct. Judge Thomas and this Court agree with the commission's finding. See In reEsquiroz, 654 So.2d 558 (Fla. 1995); In reGloeckner, 626 So.2d 188 (Fla. 1993); In re Alsip,499 N.E.2d 1102 (Ind. 1986); In re Killam,388 Mass. 619, 447 N.E.2d 1233 (1983); In re Annich,130 N.J. 538, 617 A.2d 664 (1993); In re Collester,126 N.J. 468, 599 A.2d 1275 (1992); Matter of Lawson,124 N.J. 280, 590 A.2d 1132 (1991); In re Connor, 124 N.J. 18,589 A.2d 1347 (1991). In addition, we agree that Judge Thomas's DUI conviction constitutes conduct prejudicial to the administration of justice which brings the judicial office into disrepute. See Mississippi Comm'n on Judicial Performancev. McRae, 700 So.2d 1331 (Miss. Const.Trib. 1997). Accordingly, we focus our attention on the issue of sanctions.
 V. ¶ 6. The Commission on Judicial Performance was created by Section 177A of the Mississippi Constitution of 1890. This section provides the following penalties for misconduct by judges: *Page 631 
 On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
Miss. Const., art 6, § 177 A.
 ¶ 7. Section 9-19-11 of the Mississippi Code of 1972 provides for private admonishment of ". . . a justice or judge found to have been engaged in improper action or a dereliction of duty affecting the administration of justice . . . "This code section provides for alternative sanctions for offenses of dereliction of duty which do not rise to the level of intentional, willful or habitual conduct censured by the constitutional provisions.
 VI. ¶ 8. The more difficult issue of the present appeal concerns the proper punishment for Judge Thomas. In reBaker, 535 So.2d 47, 54 (Miss. 1988) sets forth a number of factors that should be considered when determining appropriate punishment for violations of the judicial canons. These factors are:
 (1) The length and character of the judge's public service;
 (2) Positive contributions made by the judge to the courts and the community;
 (3) The lack of prior judicial precedent on the incident in issue;
 (4) Commitment to fairness and innovative procedural form on the part of the judge;
 (5) The magnitude of the offense;
 (6) The number of persons affected;
 (7) Whether "moral turpitude" was involved.
Id.
 VII. ¶ 9. James E. Thomas was born and reared in Gulfport, Mississippi. He received his undergraduate degree from the University of Southern Mississippi in 1971, and his Juris Doctorate from the University of Mississippi in 1973. Following graduation, Thomas worked as an associate for the law firm of Vlahos and Caranna until he began his public service career as an assistant district attorney in September 1974. Thomas served as an assistant district attorney until he resigned to seek the office of Circuit Court Judge for the Second Circuit Court District in March of 1982. He won the post and served twelve years with distinction. Currently, Judge Thomas serves as one of three presiding judges of the Mississippi Court of Appeals. Furthermore, Judge Thomas has served this Court by special appointment of the Chief Justice on at least a half dozen occasions.
 ¶ 10. Judge Thomas is in good standing with the American Bar Association, Mississippi Bar Association, Harrison County Bar Association and the Conference of Mississippi Judges. He is presently serving as the Mississippi Court of Appeals representative on the Board of Governors of the Mississippi Judicial College. As a circuit judge, Judge Thomas served as President of the Circuit Judges Conference, as a member of the Judicial Liaison Committee to this Court, and as a member of the committee to revise what is now known as the Uniform Circuit and County Court Rules. Judge Thomas has taught pre-law courses at William Carey College, and has lectured to numerous professional and civic organizations.
 ¶ 11. The incident at hand occurred on March 1, 1997. Publicity surrounding the incident subsided in days, primarily because Judge Thomas cooperated fully with the Commission's investigators and proceedings. Following his arrest, he immediately issued a statement accepting responsibility for his actions. He has publicly apologized to his family, friends and fellow members of the judiciary. *Page 632 
Finally, Judge Thomas has completely avoided public consumption of alcohol since the day of his arrest.
 ¶ 12. It is Judge Thomas' contention that justice would not be served by imposing a public reprimand in this case. In his defense, we observe that he handled his unfortunate predicament as best he could. He quickly pressed his case through court and accepted his punishment without undue delay. He declined to make a public spectacle of himself or the judiciary. He put the integrity of the judicial institution of which he is a member before his own personal interests. Due to his efforts, the judiciary was spared much criticism. An editorial opinion written originally for the Greenwood Commonwealth, but appearing throughout the state, admitted as much when it stated:
 . . . Judge James E. Thomas of the Mississippi Court of Appeals is ready to take his lumps. Thomas said he was wrong for drinking and driving. He apologized for his bad judgment and the embarrassment it caused his family, friends and colleagues. He asked for no special consideration because of his position on the state's second highest court. Getting behind the wheel after having too much to drink is a serious offense. No one should know that better than a member of the court who has seen what tragedy drunk drivers can inflict. However, judges are human beings, and human beings sometimes mess up. The public is inclined to be forgiving of an individual who accepts responsibility for his mistake and is prepared to take the consequences. Thomas respects the judicial principle that no one is above the law. By doing so, he avoids a situation that could have further eroded the public's confidence in the bench.
The offense, though very serious, primarily affects Judge Thomas. Fortunately, no accident occurred, no one was injured, and no property was damaged.
 ¶ 13. Judge Thomas's public expressions of contrition and mature acceptance of the consequences of his actions are noteworthy. However, the position he enjoys as a sitting Judge requires that the resolution of this matter be known to the public.
 VIII. ¶ 14. Judge Thomas has maturely accepted the consequences of his actions. He has acted honorably in these matters and has spared the judiciary undue criticism; nevertheless, the need for a public resolution of the matter is apparent. We affirm the findings of the Mississippi Judicial Performance Commission and find that public reprimand is proper in this cause.
 ¶ 15. AFFIRMED AND PUBLIC REPRIMAND ORDERED.
PRATHER, C.J., SULLIVAN and PITTMAN, P.JJ., and BANKS, JAMES L. ROBERTS, Jr., SMITH, MILLS and WALLER, JJ, concur.
McRAE, J., not participating.
[1] Canon 1, A Judge Should Uphoad the Integrity andIndependence of the Judiciary. An independent and honorable judiciary is indispensable to justice in our society. a judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct sothat the integrity and independence of the judiciary may be preserved. The provisioons of this Code should be construed and appled to further that objective.
Canon 2, A judge Should Avoid Impropriety and the Apperanceof Improprity in All His Activities. A. A Judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.