962 So.2d 555 (2007)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Darrin J. WESTFAUL.
No. 2007-JP-00279-SCT.
Supreme Court of Mississippi.
August 16, 2007.
Luther T. Brantley, III, Darlene D. Ballard, attorneys for appellant.
*556 Appellee, pro se.
EN BANC.
RANDOLPH, Justice, for the Court.

FACTS AND STATEMENT OF THE CASE
¶ 1. On April 1, 2006, Darrin Westfaul ("Judge Westfaul"), Municipal Judge Pro Tem of Batesville, Municipal Judge of Pope, and Municipal Judge of Courtland, was charged with driving under the influence, first offense, in violation of Miss. Code Ann. Sect. 63-11-30(1)(a) (Rev.2004). Judge Westfaul pleaded guilty to the charge and was fined $1,043; ordered to attend Mississippi Alcohol Safety Education Program classes; ordered to attend a victim's impact panel session; and sentenced to two days in jail, suspended on two years good behavior. The fine was paid in full and Judge Westfaul attended all programs as ordered.
¶ 2. Judge Westfaul self-reported his charge to the Mississippi Commission on Judicial Performance ("The Commission"). The Commission then filed a Formal Complaint, charging Judge Westfaul with violating Canons 1 and 2A of the Code of Judicial Conduct. The Commission further found Judge Westfaul's conduct to be prejudicial to the administration of justice which brings the judicial office into disrepute, causing Judge Westfaul's conduct to be actionable pursuant to Article 6, Section 177A of the Mississippi Constitution. Judge Westfaul did not file a response in anticipation of an agreement for sanctions being reached between himself and the Commission.
¶ 3. An Agreed Statement of Facts and Proposed Recommendation was filed by both counsel for the Commission and the Respondent. Both parties stated the Agreed Statement of Facts and Proposed Recommendation was being submitted in lieu of a formal hearing. In the Agreed Statement of Facts and Proposed Recommendation, counsel for the Commission and Judge Westfaul proposed that Judge Westfaul be publicly reprimanded and assessed the costs of the proceeding, $100. In its Findings of Fact, Conclusions of Law, and Proposed Recommendation, the Commission found by clear and convincing evidence that Judge Westfaul violated Canons 1 and 2A of the Code of Judicial Conduct and further found Judge Westfaul's conduct to be actionable pursuant to Article 6, Section 177A of the Mississippi Constitution. The Commission approved the recommendation that Judge Westfaul be publicly reprimanded and fined $100.
¶ 4. The Commission and Judge Westfaul have now submitted the Commission's recommendation before this Court in a Joint Motion for Approval of Recommendations.

STANDARD OF REVIEW
¶ 5. "We conduct de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Commission on Judicial Performance. While we do give great deference to the Commission's findings, we are also charged to render an independent judgment." Miss. Comm'n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006) (internal citations omitted).

ANALYSIS
¶ 6. Judge Westfaul was charged with violating Canons 1 and 2A of the Code of Judicial Conduct. The Commission further asserted Judge Westfaul demonstrated conduct prejudicial to the administration of justice which brings the judicial office into disrepute, causing *557 Judge Westfaul's conduct to be actionable pursuant to Article 6, Section 177A of the Mississippi Constitution. Judge Westfaul admitted to committing these violations. The sanctions agreed upon by both the Commission and Judge Westfaul were that Judge Westfaul be publicly reprimanded and assessed the $100 cost of the proceedings.
¶ 7. This Court's decision in Mississippi Commission on Judicial Performance v. Gibson set forth six factors to be considered when determining the appropriate punishment for violations of the judicial canons. See Mississippi Commission on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004). We will examine each factor as applied to Judge Westfaul.
¶ 8. 1) The length and character of the judge's public service: Judge Westfaul has been Municipal Judge Pro Tem of Batesville for eleven years, Municipal Judge of Courtland for five and a half years and Municipal Judge of Pope for five years. From 1999 to 2002, Judge Westfaul was a Youth Court Judge, Family Master and Special Master for Panola County. Judge Westfaul has served as an adjunct professor at Northwest Community College for eight years. He has presented and discussed legal topics to various community organizations, and is a former member of the Mississippi Bar Association's committee on problems of the indigent. Further, Judge Westfaul was chairman and a member for many years of the Mississippi Bar's committee on the unauthorized practice of law. Presently, Judge Westfaul is a member of various bar associations and civic organizations.
¶ 9. 2) Whether there is any prior case law on point: This Court has previously addressed this issue in Mississippi Commission on Judicial Performance v. Thomas, 722 So.2d 629 (Miss.1998).
¶ 10. The facts sub judice are similar to those in Thomas. Judge Thomas was charged and convicted of a first offense DUI. Judge Thomas, as did Judge Westfaul, self-reported his violation and accepted responsibility for his actions and then accepted his conviction and punishment expeditiously. Id. at 631-32. However, unlike Judge Westfaul, Judge Thomas did not believe he should be subjected to public reprimand. Id. at 632. While this Court found that Judge Thomas "maturely accepted the consequences of his actions," the Court held that he should be publicly reprimanded. Id. The Court ruled that the "position he enjoy[ed] as a sitting judge require[d] that the resolution of this matter be known to the public." Id.
¶ 11. 3) The magnitude of the offense and the harm suffered: Driving under the influence is a serious offense and one not to be taken lightly. The facts of Judge Westfaul's case are clearly analogous to those of Judge Thomas, wherein by accepting responsibility for his actions, Judge Westfaul "avoid[ed] a situation that could have further eroded the public's confidence in the bench." Id. The record indicated that as a result of Judge Westfaul's offense, no one was physically harmed, nor was there any property damage.
¶ 12. 4) Whether the misconduct is an isolated incident or evidences a pattern of conduct: This is an isolated incident. No evidence of a pattern of misconduct is before this Court. Additionally, the Commission stated and the record reveals no prior disciplinary history involving Judge Westfaul.
¶ 13. 5) Whether moral turpitude was involved: The Commission asserted that no moral turpitude was involved. This Court has defined moral turpitude as "actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or *558 other such actions which bring the judiciary into disrepute." Gibson, 883 So.2d at 1158 n. 2. This Court further defined moral turpitude in its ruling in Mississippi Commission on Judicial Performance v. Gordon. "The bottom line of this element is that we must determine whether a judge's conduct crosses the line from simple negligence or mistake, to willful conduct which takes advantage of a judge's position for greed or other inappropriate motives. If the conduct willfully subverts justice, more punishment is warranted." Miss. Comm'n on Judicial Performance v. Gordon, 955 So.2d 300, 305 (Miss.2007).
¶ 14. The Court agrees with the Commission that first-offense driving under the influence is a serious matter. However, Judge Westfaul's conduct did not willfully subvert justice and does not involve moral turpitude.
¶ 15. 6) The presence or absence of mitigating circumstances: Judge Westfaul has no prior disciplinary history and he self-reported this violation to the Commission. Judge Westfaul has accepted responsibility for his actions and completed all punishment imposed upon him without delay.
¶ 16. The Commission and Judge Westfaul have agreed on the recommendation for sanctions. Based on the foregoing factors, the sanctions imposed by the Commission are commensurate with the violation.

CONCLUSION
¶ 17. The Joint Motion for Approval of Recommendations is granted. Judge Westfaul was issued a public reprimand and assessed $100, which is a punishment consistent with this Court's holdings in In Re Gibson and Thomas. Accordingly, the sanctions issued by the Commission are affirmed.
¶ 18. JUDGE DARRIN J. WESTFAUL, MUNICIPAL JUDGE PRO TEM OF BATESVILLE, MUNICIPAL JUDGE OF POPE, AND MUNICIPAL JUDGE OF COURTLAND, SHALL BE PUBLICLY REPRIMANDED AND ASSESSED COSTS OF $100.00.
SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND LAMAR, JJ., CONCUR. DIAZ, P.J., NOT PARTICIPATING.