987 So.2d 418 (2008)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
William AGIN.
No. 2007-JP-01897-SCT.
Supreme Court of Mississippi.
July 31, 2008.
Luther T. Brantley, III, attorney for appellant.
Robert L. Goza, Jr., Ridgeland, attorney for appellee.
EN BANC.
DICKINSON, Justice, for the Court.
¶ 1. This matter is before the Court on the recommendation of the Mississippi Commission on Judicial Performance (Commission) seeking public reprimand of County Judge William Agin of Madison County and payment of costs. Finding the proposed sanctions appropriate, we impose the sanctions proposed by the Commission.

STATEMENT OF FACTS AND PROCEEDINGS
¶ 2. On January 12, 2005, Judge William Agin, a County Court Judge, in Madison County, was privately admonished by the Commission for failing to issue rulings in a number of cases.[1] At the time of his private admonishment, the Commission provided Judge Agin a list of cases in which he failed to render decisions. Judge Agin *419 agreed to render decisions in these cases within ninety days and to provide copies of the decisions to the Commission.
¶ 3. On March 1, 2005, Judge Agin presided over Cause No. 2002-0178, Robert A. Webb v. Paul E. Campbell. Judge Agin did not issue an opinion in the Webb case until January 23, 2007. Judge Agin admits that an opinion in the Webb case was not rendered within a reasonable time.
¶ 4. In addition, at the time the formal complaint was filed, the Commission had not received copies of final decisions of the decisions in Cause No. 02-0342, Stephens Builders, Inc. v. Michael Thomas & Susan Thomas, and Cause No. 03-0996, Stroud Construction, Inc. v. Bill and Cindy Walsh. After being served with the formal complaint, Judge Agin filed a final judgment in Stephens Builders on June 14, 2007. Judge Agin's most recent order in the Stroud Construction case was filed January 28, 2007, and granted an extension of time to serve summons and a third-party complaint.
¶ 5. The Commission found that by engaging in the aforementioned conduct, Judge Agin violated Canons 1, 2A, 3B(8), and 3C(1) of the Code of Judicial Conduct. Counsel for the Commission and Judge Agin filed an agreed statement of facts and proposed recommendation. Both parties stated that the agreed statement of facts and proposed recommendation were being submitted in lieu of a formal hearing. In the agreed statement of facts and proposed recommendation, counsel for the Commission and Judge Agin proposed that Judge Agin be publicly reprimanded and assessed the costs in the proceeding.
¶ 6. The Commission and Judge Agin have now submitted the Commission's recommendation to this Court in a joint motion for approval of recommendations.

ANALYSIS
¶ 7. This Court conducts a de novo review of judicial misconduct proceedings, giving deference to findings of the Mississippi Commission on Judicial Performance based on clear and convincing evidence. Miss. Comm'n on Judicial Performance v. Westfaul, 962 So.2d 555, 556 (Miss.2007). While the Commission's findings are afforded great deference, this Court must render an independent judgement. Miss. Comm'n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006).
¶ 8. Judge Agin was charged with violating Canons 1, 2A, 3B(8), and 3C(1) of the Code of Judicial Conduct. The Commission also found Judge Agin's conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Judge Agin admitted committing these violations. The sanctions agreed upon by the Commission and Judge Agin were a public reprimand and payment of the $100 cost of the proceedings.
¶ 9. In determining whether a punishment is appropriate for the violation of judicial canons, this Court conducts a six-part inquiry. In re Gibson, 883 So.2d 1155, 1158 (Miss.2004). These factors are examined below.

1. The length and character of the judge's service.
¶ 10. Judge Agin has served as County Court Judge of Madison County since 1982.

2. Whether there is any prior case law on point.
¶ 11. Legal precedent indicates that conduct by a judge through negligence or ignorance, but not amounting to bad faith, may be prejudicial to the administration of justice and bring the judicial office into *420 disrepute. In re Anderson, 412 So.2d 743, 745 (Miss.1982).

3. The magnitude of the offense and the harm suffered.
¶ 12. Judge Agin established a pattern of delays in rendering opinions which gave the appearance that he failed diligently to perform his judicial duties. Litigants who appeared before Judge Agin deserve prompt decisions, which they did not receive and therefore suffered harm.

4. Whether the misconduct is an isolated incident or evidences a pattern of misconduct.
¶ 13. Judge Agin established a pattern of delays in rendering opinions. In 2005, he acknowledged that he improperly took too much time to render decisions in many cases. For that violation, the Commission privately admonished him.

5. Whether moral turpitude was involved.
¶ 14. No moral turpitude was involved.

6. The presence or absence of mitigating or aggravating factors.
¶ 15. Mitigating circumstances include Judge Agin's acknowledgment of his inappropriate conduct by entering into the Agreed Statement of Facts and Proposed Recommendation with the Commission.
¶ 16. The Commission and Judge Agin agreed on the recommendation for sanctions. Based on the factors discussed above, the sanctions proposed by the Commission are commensurate with the violation.

CONCLUSION
¶ 17. We grant the parties' joint motion for approval of the Commission's recommendation. We thus order County Judge William Agin of Madison County to be publicly reprimanded and assessed costs in the amount of $100. Judge Agin's public reprimand shall be read in open court on the first day of the next term of the Circuit Court of Madison County in which a jury venire is present, with Judge Agin present and standing before the presiding judge, who shall read the reprimand in open court.
¶ 18. JUDGE WILLIAM AGIN, COUNTY COURT JUDGE FOR MADISON COUNTY, SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT WHEN THE VENIRE PANEL MEETS BY THE PRESIDING JUDGE OF THE MADISON COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL AND IS ASSESSED COSTS IN THE AMOUNT OF $100.00.
WALLER, P.J., CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR. SMITH, C.J., DIAZ, P.J., AND EASLEY, J., NOT PARTICIPATING.
NOTES
[1] Although Rule 6 of the Rules of the Commission on Judicial Performance provide for the Commission to issue a private admonishment, the Mississippi Constitution-which sets the powers, duties, and responsibilities of the Commission-grants no such authority. Miss. Const. art. 6, § 177A.