**In the Matter of David R. BUTSCH, Respondent.**

**No. 21S00–0802–DI–72.**

Supreme Court of Indiana.

Jan. 20, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The parties agree Respondent committed the following acts of professional misconduct:

*Count 1:* In 2003, Respondent was convicted of disorderly conduct for a verbal altercation with his then-wife.

*Count 2:* In 2007, Respondent was convicted of intimidation.

*Count 3:* In 2005, Respondent was convicted of operating a vehicle with a blood alcohol content of over .15%.

*Count 4:* In 2007, Respondent was convicted of operating a vehicle while intoxicated.

*Count 5:* In 2006, Respondent was intoxicated and acted inappropriately with a minor at his first meeting with potential clients in a guardianship matter.

*Count 6:* On several occasions from 2004 to 2007, Respondent has been intoxicated while representing clients in court.

A fact in aggravation is Respondent's failure to self-report his criminal convictions to the Commission. *See* Admis. Disc. R. 23(1 1.l)(a)(2). A fact in mitigation is Respondent's inpatient treatment for alcohol dependency and depression.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning February 27, 2009, with two months actively served and the remainder stayed subject to completion of 36 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent abide by the terms of his monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP").

(2) Respondent shall not violate his JLAP monitoring agreement, any law, or the Rules of Professional Conduct during his probation.

(3) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the balance of the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., who dissents, believing Respondent should be suspended without automatic reinstatement.