In the Matter of David R. BUTSCH, Respondent.

No. 21S00–0907–DI–313.

Supreme Court of Indiana.

Nov. 9, 2009.

*PUBLISHED ORDER OF DISCIPLINE UPON NOTICE OF GUILTY FINDING*

The Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(11.)(a), files a "Notice of Conviction and Agreement for Final Sanction."

By order dated January 20, 2009, in a prior disciplinary case against Respondent, Cause No. 21S00–0802–DI–72, the Court approved the following agreed discipline: (1) a six-month suspension, beginning February 27, 2009, with the first two months served as active suspension; and (2) the balance of the suspension conditionally stayed subject to successful completion of a 36–month probation with monitoring by the Judges and Lawyers Assistance Program. *See Matter of Butsch,* 899 N.E.2d 647 (Ind.2009). The notice filed in the current case reports that at the time the agreed discipline was approved, Respondent had been charged on October 22, 2007, with one count of operating a vehicle while intoxicated, a class D felony, and the Commission was aware of the charge. He pled guilty to this charge on April 12, 2009. The parties ask the Court to approve, as final discipline for this ethical violation, see Prof. Cond. R. 8.4(b), a one-year extension of the Respondent's probation in the prior case.

The Court, being duly advised, now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court **extends the length of the probation Respondent is serving under Cause No. 21S00–0802–DI–72 an additional 12 months, for a total of 48 months.** The Court incorporates by reference the terms and conditions of this probation. The costs of this proceeding are assessed against Respondent.

Justices SULLIVAN, BOEHM, and RUCKER concur.

SHEPARD, Chief Justice, dissents with separate opinion.

DICKSON, Justice, dissents, believing that the discipline is too lenient for the circumstances.

SHEPARD, Chief Justice, dissenting.

From the earliest years of service in my present post, I have regarded sanctioning professional misconduct through simple license suspension as an inadequate response to many of the cases in which ethical or performance failure appears due to chemical dependence or mental impairment. *See Matter of Alsip,* 499 N.E.2d 1102 (1986). I have thus always supported and defended our profession's efforts to be more purposeful about assisting impaired lawyers and judges who want to make way against their disability and return to productive and ethical work. Indiana's contribution to the national movement along these lines, the Judges and Lawyers Assistance Program, is one of which we can all be proud.

Believing that this represents a sound course for professionals and for the public we serve, I have nearly always voted to approve disciplinary plea agreements structured like the one in this case: a short period of actual suspension, followed by automatic reinstatement for a period of probation, obligatory monitoring and treatment during probation, with the potential for release from probation at the end.

Still, there is a line somewhere that serves to divide tough love from coddling. This case crosses that line for me.

In January of this year, the Court approved a plea bargain between Butsch and the Disciplinary Commission. It made available automatic reinstatement, as these agreements usually do. The recitation of behavior for which Butsch was being sanctioned then was considerable:

a. In October 2003, Butsch was convicted of disorderly conduct as a class B misdemeanor after an altercation with his then wife.

b. In November 2005, Butsch was convicted on a guilty plea to operating a motor vehicle with a blood alcohol content greater than .15%.

c. In July 2006, he met early one afternoon with two women and a young girl after a referral from the Department of Child Services. The women realized Butsch had been drinking before this client meeting, and when he asked to meet with the juvenile alone he engaged in what the papers call "inappropriate or offensive" behavior with her.

d. In March 2007, Butsch was convicted of operating a vehicle while intoxicated as a class A misdemeanor (though he was eligible for a felony charge).

e. On various occasions in 2004, 2005, and 2007, Butsch appeared in court on behalf of clients making it apparent to others that he had been drinking before coming.

When we considered the plea agreement back in January, an actual suspension of just 60 days seemed to me an inadequate sanction for this litany of wrongdoing, so I dissented. *Matter of Butsch,* 899 N.E.2d 647 (Ind.2009).

Six months later, Butsch and the Disciplinary Commission have now told us that there was yet another DUI charge. It had been pending during the whole time this disciplinary case was running its course, but was not mentioned when the plea agreement was submitted to us in January.

This new conviction is yet another instance of drunk driving. The plea bargain in the criminal court provided for no executed time and features a reduction from a felony conviction to a misdemeanor conviction if Butsch successfully completes the requirements of his probation. In recognition of this new conviction, the Commission and Butsch propose that we extend the disciplinary probation by a year.

I think all this treats Butsch's transgressions too lightly. Besides appearing in court multiple times while under the influence and meeting with clients under the same circumstance, Butsch has managed to be arrested three times for behavior that likely qualified as felony drunk driving. Aside from arranging that all three of these could result in misdemeanor convictions, he's been granted automatic reinstatement in the lawyer disciplinary process. It all looks a little too much like favored treatment.

Mindful of my own frailties, I am pretty much always ready to offer others a second chance. But Mr. Butsch has had a second chance every year for five or six years. While his newest violation is not a hanging offense, I think it is time to put the burden on Butsch to demonstrate that he can be a fit member of the profession, and I would thus reject this latest plea bargain and oblige Mr. Butsch to petition for reinstatement.